Raymond ROMERO, Petitioner—
Appellant,

v.

E. ROE, Warden, Respondent—
Appellee.

No. 01–56959.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2004.*

Decided June 15, 2004.

Raymond Romero, San Diego, CA, pro se.

Cara DeVito, Esq., West Hills, CA, for Petitioner–Appellant.

Lawrence M. Daniels, Esq., Donald E. Nicola, AAG, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: D.W. NELSON, GIBSON,**
and GRABER, Circuit Judges.

MEMORANDUM ***

Petitioner Raymond Romero argues that the state trial court violated his due process right to be present at a "critical stage of trial" by adjudicating (and rejecting) without a hearing his post-sentencing request to strike a prior conviction under California's Three Strikes Law,[1] pursuant

---

\* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* The Honorable John R. Gibson, Senior Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. To the extent that Petitioner raises additional arguments, we do not consider them because they are not contained in a certificate of appealability ("COA"), and we decline to expand the COA as requested for the first time in the reply brief on appeal.

to the then-recent decision in *People v. Superior Court (Romero),* 13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628 (1996). That case recognized the discretion of a California sentencing court to strike a prior conviction under the Three Strikes Law. Petitioner's counsel filed written arguments on his behalf, urging the court to use its discretion favorably, and the court considered the arguments, but without holding a hearing.

Our review is under 28 U.S.C. § 2254(d). It is clearly established that a defendant has a right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness or reliability of the procedure. *Kentucky v. Stincer,* 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987). The California courts did not apply Supreme Court precedent unreasonably, however, in holding that the state sentencing court could, consistent with the requirements of due process, reconsider the sentence under *Romero* without holding a hearing in Petitioner's presence.

Neither did the California courts apply Supreme Court precedent unreasonably, or find facts unreasonably, when they engaged in a harmless error analysis and held that no reasonable trial judge would have stricken Petitioner's prior convictions even if he had appeared at a hearing. *See Rushen v. Spain,* 464 U.S. 114, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983) (per curiam) (analyzing for harmlessness an error respecting a judge's ex parte communication that excluded the defendant). Petitioner has a substantial criminal history pre-dating the present conviction for first-degree residential burglary, including felony convictions and prison terms for receiving stolen property, grand theft automobile, escape, possession of heroin, and the two prior first-degree residential burglaries constituting the prior "strikes."

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.